IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALMA ROSA CASTRO, ET AL., § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | Civil Action No. H-04-1612 |
| § | |
| MATTHEW W. MCCORD, § | |
| ET AL., § | |
| § | |
| Defendants. § | |

ORDER

On October 3, 2005, the Court commenced a jury trial on the above-referenced matter. After Plaintiffs rested, the Court heard oral argument on all Defendants' Rule 50 motions for judgment as a matter of law (Document Nos. 86 and 90). The Court reviewed the evidence, the parties' motions, oral argument, and the applicable law and determined Defendants Jack Abercia, Individually and in His Official Capacity and Harris County's Motion for Judgment as a Matter of Law (Document No. 86) should be granted.[1] Accordingly, the Court now enters the following findings of fact and conclusions of law. Any finding of fact that should be construed as a conclusion of law

---

[1] The Court denied Defendant Matthew McCord's motion (Document No. 90).

is hereby adopted as such. Any conclusion of law that should be construed as a finding of fact is hereby adopted as such.

## FINDINGS OF FACT

**Background**

1. Plaintiffs filed the instant action alleging violations of the constitutional rights of decedent Melvin Alejandro Romero ("Romero") stemming from an incident wherein Defendant Deputy Constable Matthew McCord ("McCord") shot and killed Romero during a traffic stop. Specifically, Plaintiffs assert claims against McCord, Harris County, Texas ("Harris County"), and Constable Jack Abercia ("Abercia"), both in his official and individual capacity, under 42 U.S.C. § 1983 alleging Defendants violated Romero's Fourth and Fourteenth Amendment constitutional rights. Plaintiffs also assert state law claims against Defendants.

2. On the night of July 11, 2002, McCord, a licensed police officer employed as a deputy constable for Harris County Precinct One, initiated a traffic stop of Romero on North Shepard Drive in Houston, Texas.

3. After Romero exited his vehicle, McCord performed a pat down search of Romero's person.

4. After performing the pat down search, McCord drew his firearm, pointed it at

Romero, and instructed Romero not to move.

5. McCord shot Romero three times after Romero moved.

6. Romero died from the gunshot wounds inflicted by McCord.

7. McCord was on duty at the time of the shooting.

8. McCord had completed all basic police training mandated by the Texas Commission on Law Enforcement Officer Standards and Education ("TCLEOSE") at the time of the shooting.

**Defendants Harris County and Constable Jack Abercia**

9. Abercia was the Constable of Harris County Precinct 1 at the time of Romero's death.

10. McCord was not disciplined by Harris County or Abercia for the shooting.

11. Plaintiffs offered no evidence that would allow a reasonable juror to conclude that the shooting was caused by or the result of any policy, practice, or custom of either Abercia or Harris County.

12. Plaintiffs failed to present evidence that would allow a reasonable juror to find that the hiring policies enacted by Abercia and/or Harris County caused the shooting.

13. Plaintiffs failed to present evidence that would allow a reasonable juror to find that the training policies enacted by Abercia and/or Harris County caused

the shooting.

**Plaintiff Alma Rosa Castro**

14. Plaintiff Alma Rosa Castro ("Castro") was sixteen (16) years of age when she met and began living with Romero.

15. Castro was seventeen (17) years of age at the time of Romero's death.

16. Castro and Romero were never formally married nor did they file a certificate of common law marriage.

**Plaintiff Enrique Oscar Romero**

17. Plaintiff Enrique Oscar Romero ("Enrique Romero") is Romero's father.

18. The Court ordered Enrique Romero to appear at the final pretrial conference in this case but he failed to appear.

19. Enrique Romero never attended any of the trial proceedings in the instant case.

CONCLUSIONS OF LAW

**Background**

1. Rule 50(a)(1) of the Federal Rules of Civil Procedure allows a trial court to enter judgment as a matter of law against a party if, after being fully heard on an issue "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." FED. R. CIV. P. 50(a)(1).

2.   Here, Defendants Abercia and Harris County moved for judgment as a matter of law under Rule 50 after Plaintiffs' rested their case in chief.

**Defendants Harris County and Constable Jack Abercia**

<u>§ 1983 Improper Training, Supervision, and Supervisory Liability</u>

3.   "Section 1983 offers no *respondeat superior* liability." *Pineda v. City of Houston,* 291 F.3d 325, 331 (5th Cir. 2002). Accordingly, Plaintiffs cannot, as a matter of law, recover from Abercia or Harris County under a theory of respondeat superior.

4.   When "a plaintiff alleges a failure to train or supervise, 'the plaintiff must show (1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Estate of Davis ex rel McCully v. City of N. Richland Hills,* 406 F.3d 375, 381 (5th Cir. 2005)(quoting *Smith v. Brenoettsy,* 158 F.3d 908, 911-12 (5th Cir. 1998). "For an official to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Id.* (quoting *Smith,* 158 F.3d at 912). "Deliberate indifference requires a showing of more than negligence or gross

negligence." *Id.*

5. Here, McCord received all mandated TCLEOSE training.

6. Plaintiffs failed to demonstrate a causal link between Harris County and Abercia's failure to "retrain" McCord after McCord's involvement in the prior shooting incident and the Romero's death.

7. Plaintiffs failed, as a matter of law, to show deliberate indifference by either Harris County or Abercia that would subject these Defendants to liability for failure to train or supervise McCord.

   a. Specifically, Plaintiffs failed to present evidence suggesting Harris County or Abercia acted deliberately indifferent with respect to McCord's training or supervision.

   b. McCord's previous shooting incident and Defendants' decision not to discipline McCord after Romero's death do not, as a matter of law, demonstrate deliberate indifference on the part of either Harris County or Abercia. *See id.* ("to satisfy the deliberate indifference prong, a plaintiff usually must demonstrate a pattern of violations. . . .")

8. Accordingly, Plaintiffs' claims against Abercia and Harris County based on theories of failure to train and supervise fail as a matter of law.

<u>§ 1983 Policy or Custom</u>

9. To recover from a governmental entity based on the theory of official policy or custom, a plaintiff must demonstrate: "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy (or custom)." *Pineda,* 291 F.3d at 331. Demonstrating the existence of official policy can generally be done in one of two ways. *Id.* The first is to show a policy statement, regulation, or official position adopted by policymakers that resulted in plaintiff's injury. *Id.* at 328. The second is to show "a persistent, widespread practice . . . although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Id.*

10. Plaintiffs, as a matter of law, failed to demonstrate that Harris County or Abercia established either an official or unofficial policy that caused the shooting. Further, Plaintiffs presented no evidence that shootings constituted a widespread practice amongst Harris County deputy constables.

   a. The Court notes that Plaintiffs' argument that the manner in which McCord handled the pat down procedure, including his decision to step back and draw his weapon after performing the pat down, even if

improper, cannot, based on the evidence in this case, create liability for Abercia or Harris County. Specifically, even if the procedure of stepping back and drawing his weapon was, as the Plaintiffs argue, improper, and even if this improper procedure is employed by Harris County deputy constables and accepted by Abercia, Plaintiffs nevertheless fail to show how this procedure itself was the "moving force" behind the constitutional violations alleged here. *See Pineda,* 291 F.3d at 331.

11. Accordingly, Plaintiffs' claims against Abercia and Harris County based on official policy or custom fail as a matter of law.

§ 1983 Hiring

12. Plaintiffs presented evidence indicating McCord had juvenile brushes with the law and a military disciplinary record. However, Plaintiffs wholly failed to demonstrate a link between Abercia's decision to hire McCord and the injury alleged in this case.[2]

13. Accordingly, Plaintiffs' claims against Abercia based on his decision to hire McCord fail as a matter of law because Plaintiffs failed to show Abercia's

---

[2] As discussed above, Plaintiffs failed to show deliberate indifference on the part of Abercia or Harris County .

decision to hire McCord could, based on McCord's history, lead to the constitutional violations alleged here. *See Bd. of County Comm'rs of Bryan County, Ok. v. Brown,* 520 U.S. 397, 410-11 (1997) ("A Plaintiff must demonstrate that a municipal decision reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision.").

§ 1983 Harris County Liability, Generally

14. Plaintiffs failed to demonstrate that Abercia is the policymaker for Harris County such that his actions could subject Harris County to liability under any of its theories. *See Rhode v. Denson,* 776 F.2d 107, 107-10 (holding constable was not final policymaker and therefore county was not liable); *Drain v. Galveston County,* 979 F. Supp. 1101, 1103 (S.D. Tex. 1997) (finding constable was not the final policymaker for the county).

State Claims

15. Plaintiffs state law claims against Abercia and Harris County including, *inter alia,* assault, battery, and wrongful death, fail as a matter of law because Plaintiffs failed to present evidence that could establish a causal connection between McCord's actions and Abercia or Harris County that would permit Abercia and Harris County to be liable for McCord's actions. *See, e.g.,*

*Forbes v. Lanzl*, 9 S.W.3d 895, 900 (Tex. App.– Austin 200, pet. denied) (stating elements for assault).

**Plaintiff Alma Rosa Castro**

16.   Pursuant to 42 U.S.C. § 1988, the Court must look to Texas state law to determine whether Castro has standing to assert wrongful death claims under 42 U.S.C. § 1983. *See Aguillard v. McGowen,* 207 F.3d 226, 231 (5th Cir. 2000). The Texas wrongful death statute provides that only the decedent's spouse, children, and parents may bring an action for wrongful death. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 71.004 (Vernon 1997).

17.   Castro and Romero were never formally married prior to Romero's death nor had they applied for a formal marriage. Moreover, Castro's parents never gave the consent required under Texas law for Castro, who was under the age of 18 at the time of Romero's death, to marry Romero. *See* TEX. FAM. CODE ANN. § 2.102 (Vernon 1998). Finally, under Texas law, an individual under 18 years of age cannot be a party to an informal marriage. TEX. FAM. CODE ANN. § 2.401. Accordingly, Castro failed, as a matter of law, to demonstrate that she was either formally or informally married to Romero.

18.   Therefore, Castro lacks standing to assert wrongful death claims. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 71.004.

19. Under § 1988, the Court must look to Texas law to determine if Castro has standing to assert a survival action under § 1983. *See Aguillard,* 207 F.3d at 231. Texas law provides: "A cause of action for personal injury to the health, reputation, or person of an injured person does not abate because of the death of the injured person . . . A personal injury action survives to and in favor of the heirs, legal representatives, and estate of the injured person." TEX. CIV. PRAC. & REM. CODE ANN. § 71.021 (Vernon 1997).

20. Here, however, Plaintiffs have made clear that Michael Skadden, not Castro, is the "duly appointed representative of the Estate."

21. Accordingly, Castro lacks standing to assert survival claims. *See id.*

22. Given the foregoing, Castro is dismissed as a party to the case because she lacks standing.

**Plaintiff Enrique Oscar Romero**

23. Enrique Romero failed to appear or participate in any Court proceedings, despite Court orders that he do so. Further, Plaintiffs failed to present any evidence of damages suffered by Enrique Romero.

24. Accordingly, Enrique Romero is dismissed as a party to the instant action. *See Wright v. Sargent,* 869 F.2d 1175 (8th Cir. 1989) (dismissing case because party failed to timely appear); *Dillon v. Diamond Offshore Mgmt.*

*Co.,* No. Civ. A. 02-160, 2002 WL 31415706, at *1 (E.D. La. October 25, 2002) (noting that the district court had dismissed plaintiff's case for failure to appear).

**Conclusion**

25. Defendants Jack Abercia, Individually and in His Official Capacity and Harris County's Motion for Judgment as a Matter of Law (Document No. 86) is GRANTED. All Plaintiffs' claims asserted against Harris County and Abercia fail as a matter of law.

26. Castro lacks standing to assert any claims in the captioned matter and is therefore DISMISSED as a party to the action.

27. Enrique Romero's is DISMISSED as a party to the action.

SIGNED at Houston, Texas, on this 15th day of November, 2005.

*David Hittner*
_____
DAVID HITTNER
United States District Judge